Thomas P. Farley, J.
A motion and cross motion have been made by judgment creditors in the above-entitled actions, each seeking an order directing that the Sheriff of this county turn over to it the proceeds of a sale of the judgment debtor’s real property conducted by the Sheriff pursuant to an execution issued to him on one of the judgments.
On March 30, 1954, Seymour Kazmeroff docketed with the County Clerk of Nassau County a judgment obtained by him for $1,487.15 in an action against Charles J. Ehlinger. On November 7,1958, Walter S. Blazer and Sol Feldman, copartners doing business as Franklin Farms, docketed with the same County Clerk a judgment in the sum of $1,723.79 obtained against the same individual judgment debtor.
On March 2, 1964, attorneys for Kazmeroff delivered an execution to the Sheriff of Nassau County for levy against certain real property owned by the debtor within this county (CPLB. 5230). On the following day, notice of levy was filed (CPLB 5235). The sale was posted and advertised for May 29,1964, and on that date the Sheriff’s sale was conducted. That day, but prior to the time of sale, the judgment creditors Blazer and Feldman delivered an execution to the Sheriff ( CPLB 5236, subd. [e]). The sale realized $1,400 and, after deducting the Sheriff’s fees, there is insufficient to pay more than part of one of the judgments.
There is no dispute as to the facts. The issue to be determined by this court is which judgment creditor has a prior lien to and is entitled to receive the proceeds of the Sheriff’s sale. Neither party to this proceeding, including the judgment debtor, raises any objection to the validity of the Sheriff’s sale.
Subdivision (e) of 5236 CPLB provides that in the event of a Sheriff’s sale, the Sheriff, after deducting his fees, “ shall distribute the proceeds to the judgment creditors who have delivered executions against the judgment debtor to the sheriff before the sale, which executions have not been returned, in the order m which their judgments have priority ”. (Emphasis supplied.) Priority is determined on the basis of priority in *944 time of docketing of the judgment (Hulbert v. Hulbert, 216 N. Y. 430). While the lien of Kazmeroff was concededly docketed prior to that of Blazer and Feldman, it is the latters’ contention that the Kazmeroff lien had expired on March 30, 1964 when the 10-year period had run out (CPLR 5203) and Kazmeroff thereby lost his priority over their claim. In support of their position, they contend that Kazmeroff, by failing to have the lien extended as provided for in subdivision (b) of 5203 CPLR, lost his priority and was relegated to a position subordinate to that of the Blazer-Feldman lien. Subdivision (b) of 5203 provides: 1 ‘ Extension of lien. Upon motion of the judgment creditor, upon notice to the judgment debtor * * * the court may order that the lien of a money judgment upon real property be effective after the expiration of ten years from the filing of the judgment-roll, for a period no longer than the time during which the judgment creditor was stayed from enforcing the judgment, or the time necessary to complete advertisement and sale of real property in accordance with section 5235, pursuant to an execution delivered to a sheriff prior to the expiration of ten years from the filing of the judgment-roll. The order shall be effective from the time it is filed with the clerk of the county in which the property is located and an appropriate entry is made upon the docket of the judgment.”
The foregoing section is derived from former section 515 of the Civil Practice Act which was designed for the protection of a purchaser, creditor or mortgagee in good faith (see 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., pp. 52-102) and was intended to protect such persons who would not otherwise have notice of a pending levy and Sheriff’s sale. The objecting junior lienors — Blazer and Feldman — do not present any facts which would place them in the category which requires the protection the Legislature intended to accord a purchaser, a creditor, or a mortgagee in good faith. To grant them the priority which they seek over Kazmeroff finds no basis either in law or in equity.
Accordingly, the cross motion by judgment creditors Blazer and Feldman is denied. Motion by judgment creditor Kazmeroff. is granted and the Sheriff of Nassau County, after deducting his lawful fees and expenses, is directed to turn over the proceeds of the sale of the judgment debtor’s property to Seymour Kazmeroff.