■ G. Roma Roofing Co., Inc., Respondent, v Dominick Marcotrigiano et al., Defendants, and Westnau Land Corp., Appellant.—In a proceeding to extend a real property lien pursuant to CPLR 5203 (b), the defendant Westnau Land Corp. appeals from an order of the Supreme Court, Suffolk County (Hand, J.), entered August 12, 1988, which granted the plaintiff's application to extend the lien.

Ordered that the order is affirmed, with costs.

In June 1978 the plaintiff-judgment-creditor G. Roma Roofing Co., Inc., docketed a judgment in the amount of $4,240.30 with the Suffolk County Clerk, thereby creating a lien attaching to certain real property which the defendant-judgment-debtor Dominick Marcotrigiano owned with his wife as tenants by the entirety (see, CPLR 5203). In December 1978, the defendant Westnau Land Corp. (hereinafter Westnau) purchased the foregoing real property from the Marcotrigianos, although apparently the deed was not recorded until April 1987. Thereafter, by order to show cause dated May 20, 1988, the plaintiff brought on an application pursuant to CPLR 5203 (b) to extend the lien. Although the order to show cause provided for service upon the defendants Marcotrigiano and Westnau, there was no provision for service upon the two corporate judgment debtors whose names appeared on the judgment docketed by the plaintiff. The Supreme Court granted the plaintiff's application for an extension of the lien. On appeal, the defendant contends that the plaintiff's failure to serve the corporate debtors renders its application and the court's subsequent order granting it jurisdictionally defective. We disagree.

Contrary to the defendant Westnau's contentions, the plaintiff afforded the defendants notice of its application in conformity with the provisions of CPLR 5203 (b). The remedial purpose of CPLR 5203 (b) is to protect purchasers, creditors and mortgagees who would not otherwise have notice of a pending levy or Sheriff's sale (see, e.g., Kazmeroff v Ehlinger, 43 Misc 2d 942, 944). The defendant Westnau does not fall within the foregoing category. Moreover, since notice of the plaintiff's application was provided to both the judgment debtor who formerly owned the property and to the present owner Westnau, the notice requirements of the statute have been satisfied.

We have reviewed the defendant Westnau's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and Balletta, JJ., concur.